# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00263-CV

---

### E. L. and P. M., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-006918, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

E.L. and P.M. appeal from a final decree terminating their respective parental rights to their child. Following trial on the merits, the district court found by clear and convincing evidence that multiple statutory grounds support terminating E.L.'s parental rights and that termination is in the best interest of the child. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (M), (O), (P), (b)(2). The district court also found by clear and convincing evidence that multiple statutory grounds support terminating P.M.'s parental rights and that termination is in the best interest of the child. *See id*. § 161.001(b)(1)(N), (O), (Q), (b)(2).

The court-appointed attorneys for E.L. and P.M. have each filed a motion to withdraw accompanied by a brief concluding that any appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that court-appointed counsel who believes appeal is wholly frivolous should file motion to withdraw "accompanied by a brief

referring to anything in the record that might arguably support the appeal"); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights). Each attorney's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating that there are no arguable grounds for reversal to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-rights termination case). Each attorney has certified to this Court that he or she provided the client with a copy of the *Anders* brief, the motion to withdraw, and a notice of the right to file a pro se brief.

In response to her attorney's brief, E.L. filed a motion to proceed pro se. We provided her with access to the record on appeal and instructions on how to proceed in the case. To date, neither E.L. nor P.M. has filed a brief responding to the *Anders* briefing. The Department of Family and Protective Services, appellee in this matter, has filed a letter indicating that it waives its right to file a brief in this matter.

Upon receipt of an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record before us, we find nothing that would arguably support a meritorious appeal. We thus agree with counsel that this appeal is frivolous and without merit.

We nevertheless deny the attorneys' respective motions to withdraw. In *P.M.*, the Supreme Court of Texas explained that a parent's right to counsel in termination suits extends to "all proceedings in [the Supreme Court of Texas], including the filing of a petition for review." *See* 520 S.W.3d at 27. Accordingly, the attorneys' obligations have not yet been discharged. *See id.* If E.L. or P.M. desires to file a petition for review, counsel should timely file with

2

the high court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

For the reasons stated herein, we affirm the decree terminating E.L.'s and P.M.'s parental rights and deny their attorneys' respective motions to withdraw. We dismiss as moot E.L.'s motion to proceed pro se.

_____

Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed:  October 6, 2020